Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
This is a writ of error to reverse the judgment of the court below, quashing an execution on an original judgment, a replevin bond, and an execution on the replevin bomb; on the motion of the obligors in the replevin bond.
The motion was made on the face of the proceedings alone, and the grounds sustained on the following variances between the original judgment and the first execution-between that execution and the bond-and the last execution was quashed only because of the defects in the first execution and bond.
1st. The judgment was on a penal bond for the penalty, to be discharged by the sum assessed by a jury in damages, and the execution was for the damages only and the costs, the real sum to be collected,
2d. The replevin bond recited the execution as it was, with this exception it omitted to name one of the defendants in the execution, and in enumerating the items, of which the demand was composed, it read thus—"For $100 debt, $ damages, $ interest, $ costs, sheriffs commission, and this *133 bond, $13 03, amounting in the whole to $113 03,” and it was executed by one defendant in the execution, with the security, omitting the other.
Party not prejudiced cannot quash for clerical mistakes in the officers—If there is a sufficient correspondence between the judgment, execution and replevin bond, to connect them, no motion to quash can be sustained for a variance.
On a judgment for a penal sum to be discharged by a less sum really due, and on a replevin bond the execution should be for the penal sum with a memorandum that it is to be discharged by the sum due—But if it be for the latter sum without naming the penalty, it is sufficient.
It is at once evident that none of these variances or defects could operate to the prejudice of the plaintiffs in the motion, now defendants in error. They were not bound to pay a cent more than they would have been, if the proceedings were in correct form, nor can they be subject to other proceedings, which these will not bar. For it is evident from other recitals in the first execution that it applied to the judgment and no other, and the replevin bond shews that it was taken in discharge of this execution and no other, as the sheriff has testified by his returns. Besides all these defects are the mistakes of the ministerial officers, and not of the party, and of course if they can be amended without prejudice to the rights of the parties concerned, it is the preferable course to permit an amendment to be made.
Under such circumstances we would be unwilling to vacate any proceedings, if upon principle they can he sustained.
The execution on the judgment ought strictly to be for the penalty, with an endorsement or memorandum on its face, that it was to be discharged by the real sum due and costs; and so ought every execution to read, which issues on a replevin bond. But it is evident that this is form, for in substance the lesser sum alone can be collected, and of course the defect in form ought to be corrected. This court has already sustained such an execution on a replevin bond as substantially good, Doak &c. vs. Duncan, Litt. Sel. Ca. 176. The same reasons then urged forbid us to destroy the first execution.
There is no conflict between the first execution and the bond, in the latter omitting to name one of the defendants. The description is right as far as it goes, and only stops short of what might have been said, while other recitals in the bond, as well as the sheriff’s return, amply supply this deficiency, and attaches the bond to this execution and no other.
Omission to fill the blanks with the amount of the different items of damage, interest and cost composing the aggregate of the replevin bond, is no ground for quashing it.
Turner, for plaintiffs; J. Speed Smith and Caperton, for defendants.
As to the details of debt, damages, interest and costs &c. with the following blanks, it is evident the sheriff used a blank form, having spaces wherein to fill up the different items, which he omitted to specify in this. But he brings out the aggregate, correctly and shews of what it is composed, and calculation will render each item certain and specific, and we are aware of no law which requires him to set down each separate item, if it is shown of what kinds of charges the aggregate is composed.
As to the want of one of the original defendant in the replevin bond, it is a defect of which the defendants below, the plaintiffs in the motion, cannot complain. It operates exclusively to the prejudice of the other side, by lessening his security for the debt, and if he is willing to waive it, the other side has no right to take it up.
The judgment must, therefore, be reversed with costs, and the cause be remanded, with directions to overrule the motion with costs.